UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **2:25-cv-10906-MCS-AS** | Date | July 15, 2026 |
| Title | ***Guardia v. Wells Fargo Bank, N.A.*** | | |

Present: The Honorable Mark C. Scarsi, United States District Judge

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
| None Present | None Present |

**Proceedings:** **(IN CHAMBERS) ORDER RE: RENEWED RULE 60(B) MOTION (ECF NO. 29)**

The Court dismissed Plaintiff Edwin I. Guardia's complaint but granted him leave to amend his claims. (Order Re: Mot. to Dismiss, ECF No. 16.) Rather than file an amended complaint, Plaintiff, through counsel, filed a notice of voluntary dismissal with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). (Notice of Dismissal, ECF No. 17.) Plaintiff, acting in pro per, moved to modify his voluntary dismissal to be a dismissal without prejudice. (Mot., ECF No. 18.) The Court denied that motion on various procedural grounds. (Order Re: Rule 60(b) Mot., ECF No. 19.) Plaintiff now renews his request for relief under Federal Rule of Civil Procedure 60(b). (Renewed Mot., ECF No. 29.) The Court deems the matter appropriate for resolution without further briefing or oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.

Defendant did not file a timely response to the motion. (*See* Initial Standing Order § 9(b), ECF No. 11 (setting briefing deadlines in accordance with the local rules for motions set for hearing within 35 days of filing).) The Court deems Defendant's failure to timely respond to the motion as its consent to the granting of the motion. C.D. Cal. R. 7-12; *e.g.*, *Vaezi v. Stanley*, No. CV 21-3027-JFW(Ex), 2021 WL 11723146, at *1 (C.D. Cal. Dec. 14, 2021) (construing a party's failure to file an opposition brief as consent to the granting of a Rule 60(b) motion); *see Christian*

*v. Mattel, Inc.*, 286 F.3d 1118, 1129 (9th Cir. 2002) ("The district court has considerable latitude in managing the parties' motion practice and enforcing local rules that place parameters on briefing.").

In particular, the Court deems conceded Plaintiff's argument that he inadvertently dismissed his claims with prejudice rather than without prejudice. (Mem. 3, ECF No. 30.) Under Federal Rule of Civil Procedure Rule 60(b), "the court may relieve a party or its legal representative from a final judgment, order, or proceeding" on the basis of "mistake, inadvertence, surprise, or excusable neglect," and "any other reason that justifies relief," as well as other reasons not relevant here. "[A] voluntary dismissal qualifies as a judgment, order, or proceeding from which Rule 60(b) relief can be granted." *Henson v. Fidelity Nat'l Fin., Inc.*, 943 F.3d 434, 443 n.2 (9th Cir. 2019) (internal quotation marks omitted).

Plaintiff claims that his prior counsel filed the notice of voluntary dismissal with prejudice without explaining the difference between a dismissal with prejudice and a dismissal without prejudice. (Guardia Decl. ¶ 5, ECF No. 32.) Plaintiff accordingly did not appreciate the preclusive effect of his voluntary dismissal with prejudice. (*Id.*) "An inadvertent 'mistake' that might justify relief [under 60(b)(1)] typically involves a misunderstanding of the surrounding facts and circumstances." *Cabot Golf CL-PP 1, LLC v. Cabot Golf CL-PP Acquisition, LLC*, No. CV 12-3740-GHK (SHx), 2013 WL 12404198, at *3 (C.D. Cal. Dec. 17, 2023) (alteration in original) (quoting *Eskridge v. Cook County*, 577 F.3d 806, 809 (7th Cir. 2009)). While "Rule 60(b)(1) is not intended to remedy mistakes that were the result of deliberate and counseled decisions that a party later comes to regret," *id.*, the rule protects against "litigation mistakes that a party could not have protected against, such as counsel acting without authority," *Yapp v. Excel Corp.*, 186 F.3d 1222, 1231 (10th Cir. 1999). It appears from Plaintiff's moving papers that his prior counsel did not explain the preclusive effects of a voluntary dismissal with prejudice, so his filing of such a dismissal can hardly be viewed as the result of a deliberate and counseled decision.

The motion is granted. The Court modifies Plaintiff's notice of voluntary dismissal with prejudice (ECF No. 17) to be a voluntary dismissal without prejudice.

**IT IS SO ORDERED.**